**ROBINSON BRADFORD LLP**
Matthew C. Bradford, Esq. (SBN 196798)
Jonathan C. Fuller, Esq. (SBN 292663)
43471 Ridge Park Drive, Suite A
Temecula, California  92590
Telephone:      (209) 954-9001
Facsimile:      (209) 954-9091
matthew@robinsonbradford.net
jonathan@robinsonbradford.net

**TRAHAN LAW GROUP**
Ivan Trahan, Esq. (SBN 75143)
43471 Ridge Park Drive, Suite A
Temecula, California  92590
Telephone:      (951) 693-2080
Facsimile:      (951) 257-5805
bkattorney@earthlink.net

Attorneys for Plaintiff, Mary Green

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GREEN,<br><br>        Plaintiff,<br><br>vs.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br>Does 1-50<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>**1. Violation of 47 USC 227 b(3)(B)**<br>**2. Violation of 47 USC 227 b(3)(B) & (C)**<br>**3. Violation of 15 USC 1692**<br>**4. Violation of Cal. Civ. Code 1788 et. seq.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mary Green alleges the following upon information and belief and based upon

personal knowledge:

### NATURE OF THE CASE

1.      Plaintiff brings this action seeking damages and all other available legal or equitable

remedies resulting from the illegal actions of KOHL'S DEPARTMENT STORES, INC.

("Kohl's") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. §227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy and in violation of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collections Practices Act.

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction under 28 U.S.C. section 1331 because this case arises out of violations of federal law.  Specifically, Defendant has repeatedly violated 47 U.S.C. section and 227 15 U.S.C. 1692 as is more thoroughly described below.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1391(b) because Defendant does business within the State of California and a substantial part of the events that gave rise to this action took place in Riverside County in the city of Temecula.

## PARTIES

4.     Plaintiff is a natural person residing in California and is a "person" as defined by 47 U.S.C. section 153(39).

5.     KOHL'S DEPARTMENT STORES, INC. ("Kohl's") is a "person" as defined by 47 U.S.C. section 153(39).

6.     The above named Defendant, and its subsidiaries and agents, is collectively referred to as "Defendant."

7.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1-50, inclusive, and, therefore, sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named defendants is

responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

8.    Plaintiff is informed and believes that at all times relevant each and every Defendants were acting as an agent and/or employee of each of the other Defendants and were acting within the course and scope of said agency and/or employment with full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or admissions complained of herein was made known to, and ratified by, each of the other Defendants.

## BACKGROUND ALLEGATIONS

### The Telephone Consumer Protection Act of 1991 (TCPA) 47 U.S.C. § 227

9.    In response to a number of consumer complaints regarding telemarketing practices, the Congress of the United States enacted the Telephone Consumer Protection Act (47 U.S.C. §227, et seq.)

10.    Among other things, the TCPA regulates the use of automated telephone equipment, also known as "robocallers" with regard to the calling of wireless or cellular telephones.  More specifically, 227(b)(1)(A)(iii) prohibits the robocalling of any cellular or wireless telephone except for emergency purposes or except where the called party has given express consent.

11.    The Federal Communications Commission found that such calls are prohibited because, as Congress found, automated or pre-recorded calls are a greater nuisance and invasion of privacy than live solicitation calls.  Moreover, such calls can be inconvenient and costly because wireless customers may be charged for incoming calls.

## **Kohl's Practice of Robocalling Ms. Green on her Cell Phone**

12.     Plaintiff opened her account with Defendant in approximately 1999.  Plaintiff did not get her cellphone until approximately 2006.

13.     Plaintiff is informed and believes and there upon alleges that Plaintiff never provided express consent to Defendants to contact her on her cellphone.

14.     Beginning on or around December of 2014, Kohl's contacted Ms. Green on her cellular telephone (number ending in 6671) in an attempt to collect an alleged outstanding debt owed by Plaintiff.

15.     Kohl's used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place its calls to Ms. Green seeking to collect the debt allegedly owed by Ms. Green.

16.     Kohl's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

17.     On many occasions Ms. Green would answer Kohl's phone calls and was unable to speak with a live human representative as Ms. Green was routinely greeted by "dead air" on the other end of the call.  It would take a brief period of time before an pre-recorded message would start playing or a live representative would start speaking.

18.     Plaintiff received phone calls on her cellular phone from Kohl's when Plaintiff alleges that she never gave express consent to Defendant in the first place to call Plaintiff's cellphone.

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

19.     Ms. Green repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-18.

20.     The foregoing acts and omissions of Kohl's constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. section 227 et. seq.  Pursuant to 47 U.S.C. section 227(b)(3)(B), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation.

21.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**Knowing or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

22.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-21.

23.     The foregoing acts and omissions of Kohl's constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. section 227 et seq.

24.     As a result of Kohls' knowing and/or willful violations of 47 U.S.C. §227 et seq., Ms. Green is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

25.    Ms. Green is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

### Violation of the FDCPA

26.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-25.

27.    At all times relevant, Defendants were companies engaged in the business of collecting a debt by the use of mail and telephone from Plaintiff.  Defendants were "debt collectors" seeking to collect a "debt" from Plaintiff who is a "consumer" as the terms are defined within the FDCPA.

28.    In engaging in the practices more thoroughly described above, Defendants violated the provisions of the FDCPA designed to protect consumers from harassment including but not limited to under 15 U.S.C. 1692(d).

29.    Defendants' conduct was undertaken in a knowing and willful manner warranting an award of actual and statutory damages, costs and attorney's fees.

### FOURTH CAUSE OF ACTION

### Violation of the RFDCPA

30.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-29.

31.    At all times relevant, Defendants were companies engaged in the business of collecting a debt by the use of mail and telephone from Plaintiff.  Defendants were "debt collectors" seeking to collect a "consumer debt" from Plaintiff who is a "person" as the terms are defined within the RFDCPA.

32.     In engaging in the practices more thoroughly described above, Defendants violated the provisions of the RFDCPA designed to protect consumers from harassment including but not limited to Cal. Civ. Code §1788.10 et. seq.

33.     Defendants' conduct was undertaken in a knowing and willful manner warranting an award of actual and statutory damages, costs and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Ms. Green requests judgment against Kohl's for the following:

### FIRST CAUSE OF ACTION

1.     As a result of Kohls' negligent violations of 47 U.S.C. section 227(b)(1), Ms. Green is entitled to and requests the sum of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

2.     An injunction directing Kohl's to cease calling Ms. Green's cellular telephone number using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3.     Any and all relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

1.     As a result of Kohls' willful and/or knowing violations of 47 U.S.C. section 227(b)(1), Ms. Green is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

2.     An injunction directing Kohl's to cease calling Ms. Green's cellular telephone number using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3.     Any and all other relief that the Court deems just and proper.

## <u>THIRD CAUSE OF ACTION</u>

1.    As a result of Defendants' willful and/or knowing violations of 15 U.S.C. section 1692 et seq Ms. Green is entitled to and requests damages, as provided by statute.

2.    Award of reasonable attorney's fees.

3.    Any and all other relief that the Court deems just and proper.

## <u>FOURTH CAUSE OF ACTION</u>

1.    As a result of Defendants' willful and/or knowing violations of California Civil Code section 1788 et seq Ms. Green is entitled to and requests damages, as provided by statute.

2.    Award of reasonable attorney's fees.

3.    Any and all other relief that the Court deems just and proper.


Dated this Friday, September 9, 2016.


**ROBINSON BRADFORD LLP**

By:    /S/Matthew C. Bradford, Esq.
       Matthew C. Bradford, Esq.
       Jonathan C. Fuller, Esq.
       ROBINSON BRADFORD LLP
       Attorneys for Plaintiff, Mary Green

**JURY TRIAL DEMAND**

Plaintiff Mary Green hereby requests a jury trial on the claims of the complaint.

Dated Friday, September 9, 2016.


                                    **ROBINSON BRADFORD LLP**

                            By:      /S/Matthew C. Bradford, Esq.
                                     Matthew C. Bradford, Esq.
                                     Jonathan C. Fuller, Esq.
                                     ROBINSON BRADFORD LLP
                                     Attorneys for Plaintiff, Mary Green